

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

March 13, 1975

The Honorable Ed J. Harris
Chairman
Election Committee
House of Representatives
P. O. Box 2910
Austin, Texas 78767

Opinion No. H- 552

Re: Proper fee for copies of
campaign expense reports.
V. T. C. S., art. 3930, secs.
3 and 9; V. T. C. S., art. 3930(b),
sec. 1(D).

Dear Chairman Harris:

You have requested our opinion on the following questions:

> 1. May a county clerk base the fees he charges for
> copies of the campaign expense reports filed with his
> office by candidates for public office under the provi-
> sions of Chapter 14, Texas Election Code, on the
> "reasonable fees" provision of Subdivision (9) of Art.
> 3930, Vernon's Annotated Civil Statutes, [or] is he
> mandated by Section (3) of that Article to charge a
> fee of one dollar ($1.00) per page for such reports?

> 2. If copies of the campaign finance reports
> called for by Chapter 14, Texas Election Code, are
> covered by the provisions of Section (9) of Art. 3930,
> what cost factors may a clerk utilize to determine the
> cost of the copies and, consequently, the "reasonable
> fees" called for by Section (9)?

Chapter 14 of the Texas Election Code, as amended, requires
candidates for public office to file reports of campaign contributions
and expenditures with certain designated officials. Candidates for county
offices and state offices where the district is one county or less in size
file these reports with the appropriate county clerk.

You state that some county clerks charge $1.00 per page for a copy of a filed campaign expense report pursuant to section 3 of article 3930, while in other counties varying charges are made pursuant to section 9 of this article, which authorizes a reasonable fee for otherwise unspecified services.

Article 3930, V. T. C. S. provides in pertinent part as follows:

> County clerks and county recorders are hereby authorized and required to collect the following fees for services rendered by them to all persons . . .
>
> . . . .
>
> (3) For issuing each certified copy (except certified copy of map records and condominium records), notice, statement, license where the fee for issuing the license is not specifically provided by statute, or any other instrument, document, or paper authorized, permitted, or required, to be issued by said county clerk or county recorder, except as otherwise provided in Section 1, of this Act:
>
> For each page, or part of a page, a fee, to be paid in cash at the time cash order is placed, of $1.00.
>
> However, nothing in this Act shall be construed to limit or deny to any person, firm, or corporation, full and free access to any papers, documents, proceedings and records referred to in this Act, the right of such parties to read and examine the same, and to copy information from any microfilm or other photographic image, or other copy thereof under reasonable rules and regulations of the county clerk at all reasonable times during the hours the county clerk's office is open to the public, and without making payment of any charge, being hereby established and confirmed.
>
> . . . .

(9) For such other duties prescribed, authorized, and/or permitted by the Legislature for which no fee is set by this Act, reasonable fees shall be charged.

A provision in a separate article enacted on the same day states essentially the same thing as does article 3930(3).   Article 3930(b), V. T. C. S., provides in part the following:

Section 1.  County clerks and clerks of county courts are hereby authorized and required to collect the following fees for services rendered by them to all persons. . . .

D. For issuing each certificate, certified copy, notice, statement, transcript, or any other instrument, document, or paper authorized, permitted, or required, to be issued by said county clerk or clerk of county courts on which there is no return to be recorded:

For each page, or part of a page, a fee, to be paid at the time each order is placed, of.............$1.00.

However, nothing in this Act shall be construed to limit or deny to any person, firm, or corporation, full and free access to any papers, documents, proceedings, and records referred to in this Act the right of such parties to read and examine the same, and to copy information from any microfilm or other photographic image, or other copy thereof under reasonable rules and regulations of the county clerk at all reasonable times during the hours the county clerk's office is open to the public, and without making payment of any charge, being hereby established and confirmed.

Both section 3 of article 3930 and subsection D of section 1 of article 3930(b) "authorize and require" the collection of fees of $1.00 for "issuing" certificates, certified copies, notices, etc.  For the purposes of this statute issue means something more than merely providing a copy.  See Snell v. Knowles,  87 S. W. 2d 871, 876 (Tex. Civ. App. -Texarkana 1935, writ dismissed); Bourn v. Robinson, 107 S. W. 873, 875 (Tex. Civ. App. 1908, no writ hist).

In a case dealing with the expenses of issuing bonds, the verb "issue" was defined as follows:

> To send out, to send out officially; to send forth,
> to put forth; to deliver, for use, or authoritatively;
> to put into circulation; to emit; to go out; to go
> forth as authoritative or binding. Stokes v. Paschall,
> 243 S. W. 611, 614 (Tex. Civ. App. --Ft. Worth 1932,
> no writ hist).

In our opinion, the fee of $1.00 per page authorized by section (3) of article 3930 and subsection D of section 1 of article 3930(b), V. T. C. S., is applicable to those copies of campaign expense reports which the clerk by his official act "issues," that is, sends out officially as authoritative or binding. In the case of copies of documents on file in his office, this can be done by certifying that the copy of the document is true and genuine. We do not believe that the $1.00 fee is applicable to making non-certified photographic reproductions of such documents.

Your second question is what cost factors may be utilized by a clerk to determine the cost of making uncertified copies, and the reasonable fee for such copies under section (9), article 3930, V. T. C. S.

Our statutes offer little guidance as to what constitutes a reasonable fee, and we feel a complete answer is beyond the capabilities of this office beyond pointing out some of the factors which cannot be utilized.

Article 3904, V. T. C. S., prohibits the charging of a fee for the examination of any paper or record in his office. A citizen's right to copy records in the clerk's office under article 1945, V. T. C. S., may not be burdened with rental charges for space and accomodations, such as furniture and fixtures. Tarrant County v. Rattikin Title Co., supra.

Thus, we believe that such factors as the expense of locating the records, making them physically available for inspection and copying, and "overhead" charges for rental of space, furniture, or fixtures, may not be considered in determining a reasonable fee for providing un-certified copies of records filed in the office of county clerks.

## SUMMARY.

The fee of $1.00 per page for copies of campaign expense reports filed in the office of county clerks applies to certified copies.   V. T. C. S. , art.  3930, sec.  9; V. T. C. S. , art.  3930(b),  sec.  1 (D).

A reasonable fee may be charged for making uncertified copies of campaign expense reports. V. T. C. S. , art.  3930, sec.  9.   No charge may be made for producing records to be inspected or copied or for overhead.  V. T. C. S. , arts.  1945, 3904.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH,  Chairman
Opinion Committee

lg